Dawayne Tolliver
P.O. Box 089002
Div. 93 G
Chicago, Ill, 60608

FILED
JUL 24 2008
JUL 2 4 2008 MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Judge Hibbler

Case N# 07 C 6796

Dawayne Tolliver Vs, City of Chicago, et al

To Reconsideration for time on this documents provide the Police Officers names.

Chicago Police officer Jerry Penttome badge 6054 3540 W. Fillmore

Chicago Police Officer Dobek 5555 W. Grand Ave.

These are the officer's on 9-25-07, 8-21-07 and there our's officer invole

I have already send the court an letter for ~~recond did~~ reconsideration for this document to be enter

Dawayne Tolliver

Exhibit

OrderForm (01/2005)

## United States District Court, Northern District of Illinois

MHW

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6796 | DATE | April 30, 2008 |
| CASE TITLE | Dawayne Tolliver (#2007-0072569) v. City of Chicago | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motions to proceed *in forma pauperis* [3], [7] are granted. The Court authorizes and directs the trust fund officer at plaintiff's place of confinement to deduct $2.00 from plaintiff's trust fund account and to continue making deductions in accordance to this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The clerk shall issue summons for the City of Chicago. Once an attorney enters an appearance for the City, plaintiff shall have 90 days to submit an amended complaint naming the unknown police officers listed as defendants. Failure to attempt to learn the identities of the unknown officers and submit an amended complaint in accordance with this order will result in dismissal of this case. The clerk shall forward to plaintiff a magistrate judge consent form, an amended complaint form, and instructions for filing documents in this court, along with a copy of this order. The clerk shall note on the docket that the City of Chicago is not terminated as a party. The Court denies without prejudice plaintiff's motion for the appointment of counsel. [4]

■ [For further details see text below.]    /s/ Wm. J. Hibbler    Docketing to mail notices.

### STATEMENT

Plaintiff, Dawayne Tolliver (#2007-0072569), incarcerated at Cook County Jail, has filed a pro se civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that Chicago police officers harassed plaintiff and falsely arrested him in August and September of 2007.

Finding that he is unable to prepay the filing fee, the court grants the motion. The court assesses an initial partial filing fee of $2.00. 28 U.S.C. § 1915(b)(1). The trust fund officer at plaintiff's place of confinement is authorized and directed to deduct $2.00 from plaintiff's trust fund account and pay it directly to the court. After payment of the initial partial filing fee, the trust fund officer where plaintiff is confined, currently Cook County Jail, is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The clerk shall send a copy of this order to the trust fund officer at Cook County Jail. Plaintiff shall remain responsible for this payment obligation, and the Cook County Jail trust fund office shall notify authorities at any transferee facility of any remaining balance, if plaintiff is transferred.
(CONTINUED)

isk

Page 1 of 2

| STATEMENT (continued) |
|---|

After again conducting a preliminary review of plaintiff's complaint, plaintiff may proceed at this time against the City of Chicago. Plaintiff alleges that, on August 21, 2007, two unknown Chicago officers harassed plaintiff, and that, on September 23, 2007, two unknown Chicago officers falsely arrested plaintiff. Plaintiff's complaint states a colorable claim of false arrest and harassment against the unknown officers. However, the complaint cannot be served on the officers and the case cannot proceed against them until plaintiff provides this court with their identities. When a plaintiff does not know the identities of unknown defendants, the plaintiff may refer to them as John or Jane Does and name a supervisory official who may be able to determine their identities. *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Plaintiff may thus proceed against the City of Chicago in its supervisory role of the officers that are the subject of the August and September 2007 occurrences. Once an attorney enters an appearance for the City of Chicago, plaintiff should forward to the attorney interrogatories (written questions) that are designed to learn the identities of the unknown officers. Plaintiff may then submit an amended complaint substituting the individual officers as defendants for he City of Chicago and dismissing the City as a defendant.

As noted in the Court's January 31, 2008 order, plaintiff's complaint fails to state claims against the Assistant State's Attorney and the Assistant Public Defender, and the Chicago Police Department, which is not a separate entity from the City of Chicago, and is not a suable entity. The Assistant State's Attorney and Public Defender, and the Chicago Police Department remain dismissed. However, the City of Chicago was not dismissed as a defendant and shall remain as a named defendant in order to allow plaintiff to discover the names of the unknown officers that are the subject of his claims. If plaintiff fails to attempt to learn the identities of the unknown officers within 90 days of the date an attorney enters an appearance for the City, the court will dismiss this case.

The United States Marshals Service is appointed to serve the City of Chicago. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve these defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to the defendants, or to defense counsel, if an attorney has entered an appearance on behalf of the defendants. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

The court denies without prejudice plaintiff's motion for the appointment of counsel. Plaintiff has not demonstrated that he has attempted unsuccessfully to obtain representation or that he was effectively precluded from making such efforts. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Also, this case currently does not involve complex issues, complex discovery, or an evidentiary hearing, and the complaint demonstrates that plaintiff is competent to present his claims adequately. Accordingly, the motion for counsel is denied at this time. *Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007).