Order Form (01/2005)

# United States District Court, Northern District of Illinois

H HN

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6796 | DATE | 7/27/10 |
| CASE TITLE | DAWAYNE TOLLIVER v. JERRY PENTIMONE, et al. | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Defendants' motion for summary judgment [96] as to Plaintiff Tolliver's claims of false arrest and unlawful search and seizure. However, the Court DENIES Defendants' motion as to Tolliver's claims of excessive force and denial of medical treatment. Because Tolliver still fails to name some of the people about whom he complains following months of discovery and multiple opportunities to amend his complaint, the Court dismisses any claims against unnamed Defendants with prejudice. Tolliver's motion to supplement his response to the motion for summary judgment is terminated as moot. Status hearing set for August 12, 2010 at 9:30 a.m.

■[ For further details see text below.]    Docketing to mail notice.

## STATEMENT

On September 23, 2007, Defendant Jerry Pentimone, a police officer, arrested Plaintiff Dawayne Tolliver for delivery of a controlled substance, heroin. Defendant Dobek, also a police officer, conducted the undercover purchase of heroin from Tolliver that formed the basis of the arrest. These facts were confirmed in 2009 when a jury found him guilty of delivery of a controlled substance. Following his arrest, but prior to his criminal trial, Tolliver filed this suit, alleging misconduct by Defendants Pentimone and Dobek, as well as some other unnamed officers. Tolliver filed his complaint *pro se* and the Court must therefore construe his claims liberally. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). Defendants identify claims under 42 U.S.C. § 1983 for false arrest, unlawful search and seizure, and denial of medical treatment in Tolliver's complaint. However, given Tolliver's claims that police inserted a stick in his rectum as part of their search, the Court also construes the complaint to include a claim of excessive force. Defendants now move for summary judgment. For the reasons stated below, the Court grants that motion in part and denies it in part.

In order to seek relief for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). Tolliver's conviction for delivery of a controlled substance was based on the arrest he challenges here. Thus, unless he can show that his conviction has been invalidated through one of the means listed in *Heck*, he does not have a cognizable claim for false arrest. *Id.* at 487. Tolliver makes no attempt at making such a showing here. Thus, the Court grants Defendants' motion for summary judgment on that claim.

For a similar reason, the Court grants the motion on Tolliver's claim for unlawful search and seizure. As the *Heck* Court noted, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. In this case, Tolliver's conviction was based on his delivery of a controlled substance to an undercover officer. That sale clearly provides the probable cause necessary for Tolliver's search, and the seizure of pre-recorded funds that also supported his conviction. The search would only be invalid if the delivery never happened, in which case the criminal conviction would necessarily be invalid. Thus, Tolliver's claim is not cognizable.

However, contrary to Defendants' argument, the *Heck* holding does not render Tolliver's denial of medical treatment claim invalid. If "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id.* (emphasis in original). In this case, Tolliver claims that Defendant Pentimone used a stick to probe his rectum in search of heroin, causing him to seek treatment while he was a pre-trial detainee. Defendants argue that if that were true, it would render the search, and in turn the conviction, invalid. This is not the case. Pentimone may have had probable cause for a search of Tolliver's person following his sale of heroin to Dobek and his arrest and yet still violated Pentimone's constitutional rights by probing him with a stick. In other words, Tolliver's conviction and his claim that he was so violated are not mutually exclusive.

Defendants also argue that Tolliver fails to create a genuine issue as to any material facts regarding his denial of medical treatment claim even if *Heck* is inapplicable to that claim. The Fourth Amendment governs the period of time between a warrantless arrest and a probable cause hearing. *Lopez v. City of Chicago*, 464 F.3d 711, 719 (7th Cir. 2006). Thus, courts evaluate complaints about the conditions of confinement during that period under the "objectively unreasonable" standard. *Id.* Under that standard, the Court must consider four factors: (1) the officers' notice of the arrestee's medical needs (either by word through observation of symptoms); (2) the seriousness of the medical needs, taking physical symptoms into account; (3) the scope of the requested treatment; and (4) police interests, including administrative, penological, and investigatory concerns. *Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007). The factors provide a sliding scale where, the Court must balance the seriousness of the medical need with the scope of the requested treatment. *Id.*

Defendants admit that Tolliver complained to Dobek about his medical needs. While they argue that Tolliver did not raise the issue when he had other opportunities, this nonetheless constitutes notice to Dobek. Moreover, Tolliver disputes the fact that he did not make other complaints, stating that he repeatedly complained of pain and a need for treatment. Thus, Tolliver's lack of follow-up cannot be considered as evidence that his condition was not serious. In fact, Tolliver claims he was bleeding from his rectum. This is a relatively serious symptom, even if Dobek is not able to show long-term damage or that he later received treatment. The Defendants have provided no evidence of police interests weighing against the provision of medical care. Thus, the only question is whether the scope of Tolliver's request for treatment was unreasonable. Neither party has provided any evidence on this point. Thus, the Court must make reasonable inferences in Tolliver's favor and assume that his request corresponded with what may not have been the most serious set of symptoms. The Court finds that Defendants have not met their burden on Tolliver's claim for denial of medical treatment and denies their motion on that claim.

Perhaps Defendants' argument regarding *Heck*'s application to the denial of medical treatment claim fails in part because it is based on the faulty premise that Tolliver's claim of violence cannot be construed as an excessive force claim. Construing Tolliver's claims liberally, the Court finds that Tolliver has stated such a claim as well. Allowing him to proceed on that claim does not necessarily invalidate the conviction as it seems the alleged use of excessive force came after Tolliver's arrest and the recovery of any evidence used at his criminal trial. Thus, the Court denies Defendants' summary judgment claim on that count as well.

*Wm. J. Hibbler*